UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 20-02602 GW (RAOx) | Date: | September 28, 2020 |
| Title: | *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.* | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER RE DISCOVERY DISPUTE [66][67][69][70]**

The Court held a telephonic discovery hearing on September 1, 2020 on the parties' dispute regarding two interrogatories propounded by Inland Kenworth (US) Inc. ("Inland") to Worthington Industries, Inc. ("Worthington"). Dkt. No. 61. The Court directed the parties to submit letter briefing on the dispute. Dkt. No. 65. The parties have submitted their opening and responsive briefs. Dkt. No. 66 ("Inland Opening Br."); Dkt. No. 67 ("Worthington Opening Br."); Dkt. No. 69 ("Inland Resp. Br."); Dkt. No. 70 ("Worthington Resp. Br."). For the reasons set forth below, the Court will order Worthington to provide a supplemental response to Interrogatory No. 1, but not to Interrogatory No. 2 as to profit information regarding other customers.[1]

### A.   Interrogatory No. 1

Interrogatory No. 1: State the number of NG FUEL SYSTEMS YOU sold from January 1, 2016 to present and identify (by name, address, email and phone number) each customer who was a purchaser of the NG FUEL SYSTEMS YOU sold.

After meet and confer efforts, Worthington has identified the total number of NG fuel systems it sold and the number sold to Inland, but has not identified the other customers who have purchased NG fuel systems. Inland Opening Br. at 1. Inland claims this information is

---

[1] In their responsive briefs, the parties address Inland's complaints about the conduct of counsel for Worthington, which is unrelated to the merits of the discovery dispute. *See* Inland Resp. Br. at 1-2; Worthington Resp. Br. at 1-2. Based on the information provided, the Court finds no bad faith on the part of Worthington's counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No.: | CV 20-02602 GW (RAOx) | Date: | September 28, 2020 |
|---|---|---|---|
| Title: | *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.* | | |

relevant to determine whether Worthington's customers believed they were purchasing "off the rack" or custom products for assessing damages, what Worthington marketed and actually delivered to other customers for Inland's fraud and Section 17200 claims, and to identify potential witnesses. *Id.* at 2. Inland proposed two compromises, both of which Worthington refused. *Id.* The first proposal would allow Worthington to withhold customers names so long as it provided specified information regarding the fuel systems sold to those customers. *Id.* The second proposal would be for Worthington to provide the names of Worthington's customers who purchased NG fuel systems in 2017 and 2018, subject to the parties entering into a protective order. *Id.*

Worthington argues that Inland is trying to conduct a fishing expedition and Inland's justification for the discovery has been a moving target. Worthington Opening Br. at 1. Worthington contends that the subject matter of this case focuses solely on the transactions and communications between Worthington and Inland and not on Worthington's conduct with any third parties. *Id.* Worthington also claims that the information should be protected as confidential business information and that Inland has refused to sign a protective order with attorney's eyes-only provisions. *Id.* at 2, 3. Worthington argues that expenses will skyrocket if Inland seeks discovery from these other customers. *Id.* at 2.

Inland responds that the out-of-state opinions cited by Worthington stand for the general proposition that discovery should be tailored to the issues of a particular case, which Inland does not dispute. Inland Resp. Br. at 2. Inland argues that because Worthington no longer makes or sells NG fuel systems, its former customers should not be considered confidential business information. *Id.*

Worthington replies that whether other customers believed goods to be custom has no part in the custom goods analysis in this case. Worthington Resp. Br. at 3. Similarly, Worthington contends that representations made to other customers is irrelevant to the fraud claim here because fraud requires proof that Inland relied upon a misrepresentation. *Id.*

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 20-02602 GW (RAOx) | Date: | September 28, 2020 |
| Title: | *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.* | | |

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

The Court finds that the information sought by Inland is relevant to at least its fraud and California Unfair Competition Law ("UCL") claims. *See Shopko Stores Operating Co., LLC v. Balboa Capital Corp.*, Case No. SACV 16-0099-JLS (KESx), 2016 WL 9308530, at *3-4 (C.D. Cal. Oct. 19, 2016) (compelling records related to other customer calls or complaints as relevant to fraud and UCL claims). The fact that Inland will also need to prove that it relied upon a misrepresentation does not mean that evidence that may show that Worthington made misrepresentations to its other customers is not relevant. Additionally, "a fraudulent prong UCL claim requires only a showing that 'members of the public are likely to be deceived.'" *Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 987 (E.D. Cal. 2018) (citing *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556, 62 Cal. Rptr. 3d 177 (2007)). Discovery as to Worthington's representations and conduct to other customers of its NG fuels system would be relevant to show whether other customers and not just Inland were likely to be deceived.

The Court is not persuaded that Inland's request for customer information is a fishing expedition as Inland has offered an alternative proposal where Worthington can provide specific information regarding NG fuel systems sold to its other customers in lieu of providing the customer names. This list shows that Inland is seeking specific pieces of information regarding other customers to support Inland's claim that Worthington engaged in fraud or fraudulent business practices. To the extent Worthington claims that it would be burdensome to provide this specific information as to all of the NG fuel systems it has sold to customers other than Inland or AJR, the original interrogatory is less burdensome as it only requests the identity of those other customers and Inland has narrowed the scope to 2017 and 2018. Accordingly, the Court will require Worthington to provide a supplemental response to this interrogatory. Worthington may choose to respond either with a list of the customers who purchased NG fuel systems from Worthington in 2017 and 2018 or with the information sought by Inland in its September 2, 2020 email.

The Court recognizes Worthington's concern regarding expenses related to overbroad subpoenas that may be issued to the other customers. If Worthington chooses to disclose its list of customers in response to this interrogatory, the Court orders the parties to meet and confer regarding the scope of any subpoenas that Inland chooses to serve on any of these third parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-02602 GW (RAOx) | Date: | September 28, 2020 |
| Title: | *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.* | | |

If disputes arise regarding the breadth of the subpoenas, the parties and/or any third parties may request the Court hold a telephonic hearing or address the disputes by letter briefing.

      Finally, the parties shall agree upon a protective order. Although the Court's form stipulated protective order does not include an attorney's eyes only ("AEO") provision, the Court has approved stipulated protective orders that contain such provisions where the parties set forth good cause for such a provision. In light of Worthington's assertions that the information sought is confidential business information and that Worthington is still in the fuel market system, *see* Worthington Opening Br. at 2, Worthington Resp. Br. at 2 n.4, an AEO provision appears appropriate and the parties shall meet and confer on a protective order that includes such a provision.

      By **October 2, 2020**, Worthington shall inform Inland whether it intends to respond to this interrogatory with a list of customers or with the information identified in Inland's September 2, 2020 email. The parties shall file their stipulated protective order for this Court's approval by **October 5, 2020**. If Worthington chooses to provide a list of its customers, it shall provide the list within one week of the Court's approval of the stipulated protective order. If Worthington chooses to respond with the list of information in the September 2, 2020 email, the parties shall agree upon a reasonable deadline for Worthington to provide its response.

**B.**     **Interrogatory No. 2**

Interrogatory No. 2: State by dollar amount the total number of profits YOU received in connection with each NG FUEL SYSTEM YOU sold from January 1, 2016 to present, and how those amounts were calculated.

      After meet and confer efforts, Worthington provided its anticipated profits on the sale of NG fuel systems to AJR Trucking, Inc. ("AJR") and has agreed to provide an explanation as to how it calculated this amount. Inland Opening Br. at 3. Worthington has not disclosed information about profits or losses derived from its sale of NG fuel systems to other customers. *Id.* Inland argues that this information is relevant to Worthington's claimed damages, Inland's request for restitution and disgorgement of all profits, and Worthington's motivation for lying to Inland and AJR about the decision to exist the NG fuel system marketplace. *Id.* Inland has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-02602 GW (RAOx)     Date: September 28, 2020
Title: *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.*

offered to limit its request to Worthington's profits or losses derived from its NG fuel system sales between 2017 and 2018. *Id.*

Worthington provides that it is working as quickly as possible to provide the information supporting its calculation of profits as to the sale of NG fuel systems to AJR. Worthington Opening Br. at 3. Regarding other profits, Worthington argues that courts have rejected Inland's justification as restitution is focused on the victim at issue. *Id.* Worthington also asserts that its decision to exist the marketplace has nothing to do with whether it delivered goods as promised, Inland accepted those goods, Inland repudiated a contract, or whether Worthington made representations to Inland long before Worthington decided to exit the market. *Id.* at 3 n.3.

Inland responds that the reason Worthington exited the marketplace is a disputed issue at the heart of the claims and Worthington cannot dismiss Inland's allegation that Worthington was losing money on its fuel system sales and defrauded customers so that it could dump its inventory and exit the marketplace. Inland Resp. Br. at 3.

Worthington replies that Inland has not provided any authority as to why profits earned by Worthington for sales involving other customers is relevant to any claim or defense. Worthington Resp. Br. at 3. Profit information is also not relevant to why Worthington exited the NG fuel system marketplace. *Id.*

The parties are in agreement that Worthington will provide an explanation of its calculation of expected profits as to the NG fuel systems that were sold to Inland and/or AJR. Worthington shall provide that explanation as soon as practicable, **but no later than October 13, 2020**. With respect to profits from NG fuel systems sold to other customers, the Court finds that the information is not relevant to the UCL claim because the UCL does not provide for non-restitutionary disgorgement of profits. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003) ("[N]onrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL"). Additionally, the Court finds that the profits of NG fuel systems sold to other customers is, at most, tangentially related to the claims and defenses in this action and not proportional to the needs of the case. Accordingly, the Court will not compel Worthington to provide a further supplemental response to this interrogatory beyond that which it has already agreed to provide.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-02602 GW (RAOx)      Date: September 28, 2020
Title: *Worthington Industries, Inc., et al. v. Inland Kenworth (US) Inc. et al.*

    In summary, Worthington shall provide a supplemental response to Interrogatory No. 1 consistent with this order. The parties shall submit a stipulated protective order for the Court's consideration by **October 5, 2020**. Although the Court will not compel Worthington to provide a supplemental response to Interrogatory No. 2 as to profit information for other customers, Worthington's explanation as to the calculation of anticipated profits for systems sold to Inland and/or AJR shall be produced no later than **October 13, 2020**.

**IT IS SO ORDERED.**

Initials of Preparer    : dl